**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson, Esq. (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL BAHRAMI; HALIMA BAHRAMI; DIANA BAHRAMI; ABRAHAM BAHRAMI; and S.B., by and through her guardian ad litem HALIMA BAHRAMI, individually and as successors-in-interest to David Bahrami, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANTIOCH; JAKE MERRILL; ALEJANDRO LORONO; MARCOS MOLINA, and DOES 1–10, <br><br> Defendants. | Case No. 3:26-cv-06281 <br><br> **COMPLAINT FOR DAMAGES** <br><br> Federal Law Claims <br> 1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 3. Fourteenth Amendment, Interference with Familial Relationship (42 U.S.C. § 1983) <br> 4. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983) <br> 5. Municipal Liability, Failure to Train (42 U.S.C. § 1983) <br> 6. Municipal Liability, Ratification (42 U.S.C. § 1983) <br> 7. Americans with Disabilities Act (42 U.S.C. § 12132) <br><br> State Law Claims <br> 8. Battery (Wrongful Death) <br> 9. Negligence (Wrongful Death) <br> 10. Negligent Infliction of Emotional Distress <br> 11. Violation of Cal. Civil Code § 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs ABDUL BAHRAMI; HALIMA BAHRAMI;

DIANA BAHRAMI; ABRAHAM BAHRAMI; and S.B., by and through her

guardian ad litem HALIMA BAHRAMI, for their Complaint for Damages against

1

Defendants CITY OF ANTIOCH, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 and hereby allege as follows:

**INTRODUCTION**

1.     This civil rights and state tort action arises from the unjustified use of deadly force by Defendant Officers against David Bahrami, a 26-year-old college graduate. On the morning of June 30, 2025, Antioch Police Department officers recklessly escalated a manageable situation into a deadly confrontation, resulting in a life cut short, and a family permanently scarred by the loss of their oldest son and brother. Plaintiffs seek compensatory damages from Defendants for violating their rights under the United States Constitution and for their violations of state law. Plaintiffs seek punitive damages from Defendants, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS.

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

5.     On December 23, 2025, Plaintiffs served their comprehensive and timely claim for damages on their own behalf and on behalf of David Bahrami with the CITY OF ANTIOCH pursuant to applicable sections of the

PLAINTIFFS' COMPLAINT FOR DAMAGES

California Government Code. Said claims were denied by operation of law on February 6, 2026. As of the date of this filing, Plaintiffs have not received any response to these claims.

**PARTIES**

6.    David Bahrami ("DECEDENT"), a 26-year-old man, was killed on June 30, 2025, by Defendant CITY OF ANTIOCH police officers. At all relevant times, DECEDENT was an individual residing in Antioch, California.

7.    Plaintiff ABDUL BAHRAMI is an individual who was residing in Antioch, California at the time of the incident. ABDUL BAHRAMI is the father of DECEDENT; he sues under federal and state law in his individual capacity and as successor-in-interest to DECEDENT. Plaintiff ABDUL BAHRAMI is DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

8.    Plaintiff HALIMA BAHRAMI is an individual who was residing in Antioch, California at the time of the incident. HALIMA BAHRAMI is the mother of DECEDENT; she sues under federal and state law in her individual capacity and as successor-in interest to DECEDENT. Plaintiff HALIMA BAHRAMI is DECEDENT'S successor-in-intertest pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

9.    Plaintiff DIANA BAHRAMI is an individual who was residing in Antioch, California at the time of the incident. DIANA BAHRAMI is the sister of DECEDENT; she sues under state law in her individual capacity.

10.    Plaintiff ABRAHAM BAHRAMI is an individual who was residing in Antioch, California at the time of the incident. ABRAHAM BAHRAMI is the brother of DECEDENT; he sues under state law in his individual capacity.

PLAINTIFFS' COMPLAINT FOR DAMAGES

11.     Plaintiff S.B. is an individual who was residing in Antioch, California at the time of the incident. S.B. is the sister of DECEDENT; she sues under state law in her individual capacity.

12.     Defendant CITY OF ANTIOCH ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CITY Police Department ("APD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, APD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendant Officers JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10.

13.     Defendant JAKE MERRILL is a police officer with the APD. At all relevant times, JAKE MERRILL was acting under the color of law within the course and scope of his duties as an officer working for the APD. At all relevant times, JAKE MERILL acted with complete authority and ratification of his principal, Defendant CITY.

14.     Defendant ALEJANDRO LORONO is a police officer with the APD. At all relevant times, ALEJANDRO LORONO was acting under the color of law within the course and scope of his duties as an officer working for the APD. At all relevant times, ALEJANDRO LORONO acted with complete authority and ratification of his principal, Defendant CITY.

15.     Defendant MARCOS MOLINA is a police officer with the APD. At all relevant times, MARCOS MOLINA was acting under the color of law within the course and scope of his duties as an officer working for the APD.

4

At all relevant times, MARCOS MOLINA acted with complete authority and ratification of his principal, Defendant CITY.

16. Defendant Officers DOES 1–8 ("DOE OFFICERS") are police officers with the APD. At all relevant times, DOES 1–8 were acting under the color of law within the course and scope of their duties as officers working for the APD. At all relevant times, DOES 1–8 acted with complete authority and ratification of their principal, Defendant CITY.

17. Defendants DOES 9–10 are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the APD. Defendant DOES 9–10 were acting with the complete authority of their principal, Defendant CITY.

18. Plaintiffs are ignorant of the true names and capacities of DOES 1–10 and therefore sue them by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when their names have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 1–10 are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

19. According to information and belief, Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 were at all relevant times residents of the city of Antioch.

20. Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

21. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein all individual Defendants, including Defendants

5

DOES 1–10, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

22.    Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 as alleged by Plaintiffs' state law claims. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

23.    All Defendants who are natural persons, including Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 are sued individually. Defendant CITY is being sued for direct liability under *Monell* and vicarious liability under Plaintiffs' state law claims.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24.    During the early hours of June 30, 2025, DECEDENT was experiencing a mental health crisis and contacted Antioch Police Department.

25.    Defendant JAKE MERRILL spoke with DECEDENT on the phone for approximately fifteen minutes and knew or should have known that he was experiencing a mental health crisis. DECEDENT never threatened to harm JAKE MERRILL or any of the other officers.

26.    JAKE MERRILL instructed DECEDENT to exit his home, and DECEDENT complied. A drone was dispatched by the APD and Defendant Officers received communications through the drone operator and dispatch that DECEDENT was outside near the sidewalk.

27.    Upon arrival in the 3800 Block of Osprey Drive in the City of Antioch, JAKE MERRILL instructed DECEDENT to walk towards the officers and DECEDENT complied. Defendant Officers contacted

DECEDENT in the street near his family residence. Plaintiffs were inside the residence at all times mentioned herein.

28.    When Defendant Officers contacted DECEDENT, Defendant Officers aimed lethal and less-lethal weapons at him.

29.    Shortly thereafter, Defendant MARCOS MOLINA discharged his less-lethal 40mm projectile weapon at DECEDENT, striking him and causing injury.

30.    At the time he was struck by the 40mm projectile, DECEDENT did not pose an imminent threat of death or serious bodily injury to any person, including the involved officers.

31.    Shortly thereafter, Defendant Officers JAKE MERRILL and ALEJANDRO LORONO discharged their firearms, striking and fatally wounding DECEDENT.

32.    Defendant Officers shot DECEDENT, including while DECEDENT was on the ground, even though DECEDENT did not pose an imminent threat of death or serious bodily injury to any person, including the involved Defendant Officers.

33.    The Defendant Officers failed to provide a verbal warning indicating that deadly force would be used and did not afford DECEDENT an opportunity to heed any such warning.

34.    Thereafter, Defendant MARCOS MOLINA fired a less-lethal munition at Mr. Bahrami even though he was lying on the ground, bleeding profusely, and clearly suffering from severe physical injuries as a result of being shot.

35.    Following the shooting, the involved officers neglected to promptly summon medical attention for, or provide medical aid to, DECEDENT. DECEDENT died at the scene as a result of his injuries.

PLAINTIFFS' COMPLAINT FOR DAMAGES

36.    As a direct and proximate result of the shooting and the subsequent failure to provide timely medical care, DECEDENT experienced severe pain and suffering, loss of life, and loss of earning capacity.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS)

37.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

38.    Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI bring this claim for relief in their capacity as the successors in interest of DECEDENT under California Code of Civil Procedure § 377.30.

39.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officers.

40.    Defendant Officers failed to employ de-escalation tactics, gave conflicting and simultaneous commands, and did not provide a verbal warning for the use of deadly force when it was feasible to do so.

41.    The Defendant Officers used excessive force against DECEDENT by deploying the 40mm projectile weapon, including after shooting him with lethal rounds, despite the fact that DECEDENT was not an imminent threat of death or serious bodily injury at any time. Furthermore, no verbal warning of deadly force was given, nor was DECEDENT given an opportunity to heed such a warning. This unjustified and unreasonable use of force violated DECEDENT'S Fourth Amendment rights.

8

42. As a direct result of the Defendant Officers' actions, DECEDENT experienced severe physical and mental pain up to the time of his death.

43. Defendant Officers acted within the course and scope of their employment as officers for the APD and acted under color of state law.

44. The use of force was excessive and unreasonable, given that DECEDENT posed no immediate threat.

45. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for DECEDENT'S rights and safety, warranting the imposition of exemplary and punitive damages.

46. No serious or violent crime was being responded to, and the Defendant Officers knew or should have known that DECEDENT was experiencing a mental health crisis. In addition, less intrusive alternatives were available.

47. Although the Defendant Officers knew or should have known that DECEDENT was suffering from a mental health crisis, they did not take that into account when they chose to escalate the situation, shout simultaneously, and used less-lethal and lethal force without warning.

48. JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1-8 are directly liable for DECEDENT'S injuries, either because they were integral participants in the excessive force and because they failed to intervene to prevent the use of excessive force.

49. Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek statutory attorneys' fees and costs under this claim.

50. The conduct of JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1-8 was malicious, wanton, oppressive, and carried out with conscious disregard for the rights of both the Plaintiffs and

9

PLAINTIFFS' COMPLAINT FOR DAMAGES

DECEDENT. JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1-8 intentionally deprived and violated the constitutional rights of Plaintiffs and DECEDENT or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiffs to an award of exemplary and punitive damages from JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1-8.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS)

51.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.    Plaintiffs bring this claim for relief in their capacity as the successors in interest of DECEDENT under California Code of Civil Procedure § 377.30. This claim for relief arose in DECEDENT'S favor, and Mr. Bahrami would have been the plaintiff with respect to this cause of action had he lived.

53.    Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and APD and acted under color of state law.

54.    The denial of medical care by Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

10

PLAINTIFFS' COMPLAINT FOR DAMAGES

55. Defendants failed to provide timely medical care to DECEDENT and failed to timely summon medical care for DECEDENT. Defendants' delay and/or denial of medical care was a cause of DECEDENT'S pain, suffering, and death.

56. As a direct result of the aforesaid acts and omissions of Defendants, DECEDENT suffered great physical and mental injury, fear, and emotional distress leading to his death and the loss of enjoyment of life.

57. Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering and loss of enjoyment of life, under this claim. Plaintiffs also seek statutory attorneys' fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Denial of Familial Relationship (42 U.S.C. § 1983)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against JAKE MERRILL, ALEJANDRO LOROÑO, MARCOS MOLINA and DOE OFFICERS)

58. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. ABUDL BAHRAMI had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but limited to unwarranted state interference in ABDUL BAHRAMI's familial relationship with his son, DECEDENT.

60. HALIMA BAHRAMI had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not

11

limited to unwarranted state interference in HALIMA BAHRAMI's familial relationship with her son, DECEDENT.

61.     Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and APD and acted under color of state law.

62.     The aforementioned actions of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

63.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

64.     As a direct and proximate cause of the acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

65.     JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS are liable for DECEDENT'S injuries either because they were integral participants in the excessive force or because they failed to intervene to prevent the excessive force.

PLAINTIFFS' COMPLAINT FOR DAMAGES

66.    Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of their rights. Plaintiffs also seek statutory attorney's fees and costs under this claim.

67.    The conduct of JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS was malicious, wanton, oppressive, and carried out with conscious disregard for the rights of both the Plaintiffs and DECEDENT. JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS intentionally deprived and violated their constitutional rights, or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiff to an award of exemplary and punitive damages from JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1-8.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability: Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against Defendant CITY and DOES 9-10)

68.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.    The actions of JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, which deprived DECEDENT and Plaintiffs of their constitutional rights under the Fourth and Fourteenth Amendments, were carried out in accordance with a widespread and longstanding practice or custom of Defendant CITY. This custom condones, ratifies, and acquiesces in the excessive use of deadly force by APD officers. Due to this ingrained practice, Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 have not been disciplined,

13

reprimanded, retrained, suspended, or faced any administrative or adverse employment consequences in connection with DECEDENT'S death. This practice or custom by CITY serves as the moving force behind the deprivation of the Plaintiffs' rights and DECEDENT'S death.

70.    Defendants CITY, together with other CITY final policymakers and supervisors, maintained the following unconstitutional customs, practices, and policies:

a.    The use of excessive force, including excessive use of the 40mm projectile and deadly force by APD officers when there is no need for force, or where there is no imminent threat to officers.

b.    The CITY's failure to provide adequate training regarding the use of force, including the use of the 40mm projectile and deadly force.

c.    The CITY's employing and retaining as police officers any individuals whom the CITY knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

d.    The use of excessive force by APD officers against individuals suffering from a mental health crisis when there are reasonable alternatives.

e.    The CITY's inadequately supervising, training, controlling, assigning, and disciplining Police Officers, contributing to situations like that encountered on June 30, 2025, where lack of proper direction and control led to the escalation of a situation involving a mentally distressed individual and resulted in fatal consequences.

f.    The CITY's maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and

14

controlling misconduct by CITY police officers, as demonstrated by the incident on June 30, 2025, where conflicting and inadequate orders and the use of lethal force against an individual suffering from a mental health crisis highlight systemic failures in handling such situations.

g. The CITY's custom and practice of concluding that acts of excessive use of force are "within policy" including use of deadly force instances such as the one on June 30, 2025, where lethal force was used against an individual in a mental health crisis who did not pose an immediate threat of death or serious bodily injury to any person.

h. Even when an incident such as the one on June 30, 2025, is brought to light, where the use of force was excessive and fatal against a mentally distressed individual, the CITY has refused to discipline, terminate, or retrain the officers involved.

i. The CITY's custom and practice of accommodating, or facilitating a "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes, as potentially indicated by the lack of immediate corrective actions or reporting regarding the incident on June 30, 2025.

j. The CITY's maintaining a policy of inaction and an attitude of indifference towards soaring numbers of instances of excessive force by police officers, as evidenced by the fatal incident on June 30, 2025, where a lack of discipline, retraining, investigation, termination, and recommendation for criminal prosecution perpetuates a cycle of violence, especially against vulnerable populations.

k. The CITY's custom and practice of providing inadequate training regarding handling situations with mentally ill persons and failing to provide adequate training in compliance with Welfare and Institutions Code § 5150 and 5158, as exemplified by the incident on June 30, 2025, where the officers were ill-prepared to de-escalate a situation involving an individual suffering from a mental health crisis, leading to fatal consequences.

71. Defendants CITY, along with JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, together with various other CITY officials, and final policy makers, had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above. The Defendants CITY, along with JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, acted with deliberate indifference to the foreseeable effects and consequences of these customs and policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

72. The CITY's longstanding practice or custom caused the deprivation of DECEDENT and Plaintiffs' rights by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10; that is, the CITY's official policy condoning excessive force against mentally ill people is so closely related to the deprivation of DECEDENT and Plaintiffs' rights in this case as to be the moving force that caused DECEDENT'S death.

73. The CITY had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above.

74. The CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the

16

constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

75.   By reason of the aforementioned acts and omissions, the Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of Mr. Bahrami. The aforementioned acts and omissions also caused Mr. Bahrami's pain and suffering, loss of enjoyment of life, and death.

76.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs bring their claim individually and as successors in interest to DECEDENT and seek wrongful death damages under this claim. Plaintiffs also seek statutory attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

## FIFTH CLAIM FOR RELIEF

### Municipal Liability: Failure to Train (42 U.S.C. § 1983)

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against Defendants CITY and DOES 9-10)

77.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78.   At all times herein mentioned, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, acted under color of law and the acts and omissions of JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 deprived DECEDENT and Plaintiffs of their Constitutional rights under the United States Constitution. The training policies of Defendant CITY were not adequate to properly train APD officers to handle the usual and recurring situations in their interactions with residents, including responding to calls involving mentally ill people, responding to calls and interacting with people who display symptoms of

17

mental illness. The training policies of Defendant CITY were not adequate to properly train APD officers with regard to the use of deadly force, the permissible use of deadly weapons, and protecting the rights of persons to medical care during in the course of detaining individuals.

79.   The unjustified and excessive use of deadly force against DECEDENT by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, was a result of the negligent training by Defendant CITY who failed to train APD officers, such as JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, as to proper police tactics, proper use of force, proper use of deadly force, and proper police tactics in the use of force with respect to mentally ill individuals. Defendant CITY was responsible for the training of APD officers to ensure that the actions, procedures, and practices of DOES 1–10, complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, proper use of force, and proper use of deadly force.

80.   Defendant CITY negligently failed to train CITY police officers, such as JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper police tactics when dealing with individuals suffering from a mental health crisis. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents and pretrial detainees that JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 have contact with.

81.   The training policies of Defendant CITY were deficient in the following:

PLAINTIFFS' COMPLAINT FOR DAMAGES

a. Defendant CITY failed to adequately train Antioch Police Department officers, such as JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, in de-escalating interactions with residents or individuals experiencing a mental health crisis. Instead of de-escalation, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 escalated their interactions with DECEDENT, who was experiencing a mental health crisis.

b. Defendant CITY failed to properly train Antioch Police Department officers, like JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, to manage their fear to prevent it from becoming unreasonable and not objectively justifiable. This lack of training led to the use of excessive less-lethal and lethal force by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, causing the death of residents or individuals in a mental health crisis, such as DECEDENT.

c. Defendant CITY failed to properly train CITY police officers, such as JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, in proper police tactics, such as situational awareness, to prevent the use of negligent tactics, which is what JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 did in this case. Because of this lack of proper training by Defendant CITY, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 did not use proper police tactics in handling their contact and interaction with DECEDENT. and JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10

19

used defective police tactics, including the lack of situational awareness. These training failures by Defendant CITY, and defective tactics by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, resulted in the death of DECEDENT.

d. Defendant CITY failed to properly train police officers, such as JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, on the importance of effective communication between officers prior to using any type of force.

e. Because of the lack of proper training by CITY, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 did not use effective communication prior to and during the use of force against DECEDENT. This ineffective communication by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, prior to and during the incident, resulted in the death of DECEDENT, causing constitutional injuries to DECEDENT and Plaintiffs.

82. The failure of Defendant CITY to provide proper training to its police officers resulted in the deprivation of Plaintiffs' rights by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10. Defendant CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injuries to Plaintiffs.

83. The training policies of the CITY were not adequate to train its police officers to handle the usual and recurring situations they must deal with, including situations involving persons suffering from a mental health crisis, such as DECEDENT. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to properly train its police officers.

20

84. The failure of the CITY to provide adequate training to its police officers caused the deprivation of Plaintiffs' rights by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10; the CITY's failure to train is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to be the moving force that caused the ultimate constitutional injuries to Plaintiffs.

85. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

86. Defendant CITY is liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs bring this claim individually and as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek statutory attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

**SIXTH CLAIM FOR RELIEF**

**Municipal Liability for Ratification (42 U.S.C. § 1983)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against Defendants CITY and DOES 9-10)

87. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 acted under color of law.

89. The acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 deprived DECEDENT and

21

Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI of their particular rights under the United States Constitution.

90. Upon information and belief, final policy makers, acting under color of law, who had final policymaking authority concerning the acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 ratified the individual Defendants' acts and the bases for them. Upon information and belief, the final policymakers have determined that the acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 were "within policy."

91. On information and belief, the CITY ratified or will ratify the conduct by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 as alleged herein.

92. By reason of the aforementioned acts and omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

93. Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

94. Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including for the nature and extent of DECEDENT's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages, statutory attorneys' fees, and costs under this claim.

95. The conduct of Defendants DOES 9-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and

Plaintiffs and warrants the imposition of exemplary and punitive damages as to DOES 9-10.

## SEVENTH CLAIM FOR RELIEF

### Americans with Disabilities Act (42 U.S.C. § 12132)

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against all Defendants)

96. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97. DECEDENT was a "qualified individual," with a mental impairment, specifically schizophrenia and bipolar disorder, that substantially limited his ability to care for himself and control his mental health condition as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 (2).

98. The CITY OF ANTIOCH is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. §12131 (2), as explained by regulations under these laws.

99. Under the ADA, the CITY is mandated to develop effective procedures for interactions with individuals with mental disabilities and to ensure the protection of their personal and civil rights.

100. Congress enacted the ADA with the finding that individuals with disabilities have been isolated and segregated, constituting a form of discrimination that is a pervasive social problem. 42 U.S.C. §12101(a)(2).

101. The CITY is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in any services or facilities. 42 U.S.C. §12182 (a).

102. The CITY, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 violated the ADA by: (1) failing to

23

PLAINTIFFS' COMPLAINT FOR DAMAGES

properly train its police officers to respond and interact peacefully with individuals with mental impairments, such as DECEDENT; and (2) failing to follow procedures for de-escalation and non-lethal force in interactions with DECEDENT, who was experiencing a mental health crisis.

103. As a result of the acts and omissions of the Defendants, DECEDENT suffered damages, including loss of life and pain and suffering.

104. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seeks both survival and wrongful death damages. Plaintiff also seeks reasonable statutory attorneys' fees and costs under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery (Wrongful Death)

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against all Defendants)

105. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

106. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10 acted within the course and scope of their employment as officers for the Defendant CITY and APD and acted under color of state law.

107. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS intentionally used less-lethal and lethal force against DECEDENT, resulting in his fatal injuries. JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS had no legal justification for using force against DECEDENT, making the use of force unreasonable under the circumstances.

108.   Police officers may only use reasonable nondeadly force when the officer has probable cause to believe that a person has committed a crime. Officers must consider whether there is an immediate threat to the safety of the officers or others, the seriousness of the crime at issue, and whether an individual is resisting arrest or attempting to evade arrest.

109.   Police officers may only use deadly force when a threat of death or serious bodily injury is imminent. A threat is imminent when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

110.   At all relevant times, DECEDENT did not have the present ability, opportunity, or apparent intent to immediately cause death or serious bodily injury to the Defendant Officers or any other person.

111.   At all relevant times, DECEDENT did not pose an imminent threat of death or serious bodily injury to anyone, including Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOES 1–10. No warning was given that deadly force would be used prior to its use, and less-than-lethal alternatives were available. The Officers were not responding to a serious crime, and DECEDENT was not attempting to resist or evade the officers.

112.   Defendant CITY is vicariously liable for the wrongful acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

113.   The conduct of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA, and DOE OFFICERS was malicious,

PLAINTIFFS' COMPLAINT FOR DAMAGES

wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

114. Plaintiffs seek wrongful death and punitive damages under this claim.

### NINTH CLAIM FOR RELIEF

**Negligence (Wrongful Death)**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against all Defendants)

115. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

116. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 acted within the course and scope of their employment as officers for the Defendant CITY and APD and acted under color of state law.

117. Police officers, including Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, using de-escalation techniques, and only using force as a last resort, especially when dealing with individuals in a mental health crisis. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 also have a responsibility to provide timely medical care to individuals they have harmed.

118. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 negligently caused physical injury to DECEDENT when they, without any tactical plan, instructed DECEDENT to

26

go outside towards two officers, and subsequently fired lethal and less lethal weapons at DECEDENT, killing him. Their use of force was excessive, unreasonable, and negligent, including their pre-shooting conduct and post-shooting neglect to provide medical care.

119. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 breached their duty of care. Their actions were negligent and reckless, including but not limited to: (a) instructing Mr. Bahrami to go outside the home towards other officers without a tactical plan; (b) contributing to DECEDENT'S disorientation by shouting conflicting and inadequate commands; and (c) failing to provide or summon timely medical care after the shooting.

120. As a direct and proximate result of the conduct of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10, DECEDENT suffered severe physical and mental pain, loss of life, and loss of earning capacity.

121. At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone, and was not given any warning that less-lethal and lethal force would be used.

122. Defendant CITY is vicariously liable for the wrongful acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 pursuant to section 815.2(a) of the California Government Code.

123. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek wrongful death and punitive damages under this claim.

PLAINTIFFS' COMPLAINT FOR DAMAGES

**TENTH CLAIM FOR RELIEF**

**Negligent Infliction of Emotional Distress**

(All Plaintiffs against all Defendants)

124. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

125. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS negligently caused physical injury and death to DECEDENT when they discharged their less-lethal and lethal weapons at DECEDENT, striking him and eventually killing him. The use of force by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS was excessive, unreasonable and JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS were negligent in discharging their less-lethal and lethal weapons at DECEDENT, including pre-shooting negligent conduct, actions, inactions, and tactics.

126. ABDUL BAHRAMI, HALIMA BAHRAMI, DIANA BAHRAMI, ABRAHAM BAHRAMI, and S.B. were present at the scene, which is outside of their residence, when JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS fatally discharged less-lethal and lethal weapons at DECEDENT and Plaintiffs were aware that DECEDENT was being injured.

127. ABDUL BAHRAMI, HALIMA BAHRAMI, DIANA BAHRAMI, ABRAHAM BAHRAMI, and S.B. heard the use of less-lethal and lethal force against DECEDENT, thereby perceiving the use of force against DECEDENT.

128. As a result of being present at the scene and perceiving their son and brother, DECEDENT, being fatally shot by JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS,

28

Plaintiffs suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

129. On information and belief, an ordinary reasonable person would be unable to cope with hearing their son or brother shot multiple times with less-lethal and lethal weapons by the police, especially at outside of their own residence.

130. CITY is vicariously liable for the wrongful acts of JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

131. Plaintiffs bring this claim individually and seeks damages under this claim as an individual.

132. Therefore, Plaintiffs are entitled to an award of compensatory and punitive damages against said defendants.

### ELEVENTH CLAIM FOR RELIEF

**Violation of Cal. Civil Code § 52.1**

(Plaintiffs ABDUL BAHRAMI and HALIMA BAHRAMI against all Defendants)

133. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

134. Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 acted within the course and scope of their employment as officers for the Defendant CITY and APD and acted under color of state law.

29

135. The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.

136. On information and belief, Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by using excessive force against him without justification or excuse.

137. When Defendants unnecessarily fired less-lethal and lethal weapons at DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. They intentionally used less-lethal and lethal force, demonstrating a reckless disregard for DECEDENT'S right to be free from excessive force.

138. On information and belief, Defendant JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights.

139. On information and belief, DECEDENT reasonably believed that the violent acts committed by Defendants were intended to discourage him from exercising his civil rights.

140. Defendants successfully interfered with the civil rights of Mr. Bahrami and Plaintiffs.

141. DECEDENT was caused to suffer severe pain and suffering, loss of enjoyment of life, and loss of life. The conduct of Defendants was a

30

PLAINTIFFS' COMPLAINT FOR DAMAGES

substantial factor in causing the harm, losses, injuries, and damages DECEDENT.

142. Defendant CITY is vicariously liable for the wrongful acts of Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 under California law and the doctrine of *respondeat superior* and section 815.2(a) of the California Government Code.

143. The conduct of the individual Defendants JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT. Plaintiffs and DECEDENT are thus entitled to an award of exemplary and punitive damages.

144. Plaintiffs also seek wrongful death damages, treble damages, costs and statutory attorneys' fees under this claim.

PLAINTIFFS' COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ABDUL BAHRAMI; HALIMA BAHRAMI; DIANA BAHRAMI; ABRAHAM BAHRAMI; and S.B., by and through her guardian ad litem HALIMA BAHRAMI, requests entry of judgment in her favor against Defendants CITY OF ANTIOCH, JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 as follows:

1.    For compensatory damages according to proof at trial, including: survival damages, not limited to pre-death pain and suffering and loss life under federal law; and wrongful death damages under federal and state law;

2.    For funeral and burial expenses, and loss of financial support;

3.    For loss of consortium;

4.    For punitive and exemplary damages against JAKE MERRILL, ALEJANDRO LORONO, MARCOS MOLINA and DOES 1–10 in an amount to be proven at trial;

5.    For statutory damages;

6.    For treble damages pursuant to Cal. Civ. Code §§ 52, 52.1;

7.    For reasonable attorneys' fees including litigation expenses;

8.    For costs of suit and interest incurred; and

9.    For such other and further relief as the Court may deem just, proper, and appropriate.


DATED: June 23, 2026          **LAW OFFICES OF DALE K. GALIPO**


                              */s/ Dale K. Galipo*
                              Dale K. Galipo
                              Brendan A. Johnson
                              *Attorneys for Plaintiff*

PLAINTIFFS' COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby submits this demand that this action be tried in front of a jury.


DATED: June 23, 2026          **LAW OFFICES OF DALE K. GALIPO**


                                        */s/ Dale K. Galipo*
                                        Dale K. Galipo
                                        Brendan A. Johnson
                                        *Attorneys for Plaintiffs*

PLAINTIFFS' COMPLAINT FOR DAMAGES