**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

**MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP**
Noah G. Blechman (SBN 197167)
Noah.Blechman@McNamaraLaw.com
John J. Swaffod (SBN 321174)
John.Swafford@McNamaraLaw.com
3480 Burskirk Avenue, Suite 250
Pleasant Hill, CA 95423
Tel: (925) 939-5330
Fax: (925) 939-0203

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDUL BAHRAMI, individually and as successor-in-interest to David Bahrami; HALIMA BAHRAMI, individually and as successor-in-interest to David Bahrami; DIANA BAHRAMI; ABRAHAM BAHRAMI; AND S.B., by and through her guardian ad litem HALIMA BAHRAMI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH; JAKE MERRILL; ALEJANDRO LORONO; MARCOS MOLINA, and DOES 1–10,<br><br>Defendants. | Case No. 3:26-cv-06281-JSC<br><br>*Assigned to*:<br>District Judge Jacqueline Scott Corley<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 23, 2026<br>Time: 2:00 p.m.<br>Method: Zoom |

**TO THIS HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure Rule 26(f), the Standing Order For All Judges of the Northern District of California, and this Court's Order (Dkt. 20), Plaintiffs Abdul Bahrami, Halima Bahrami, Diana Bahrami, Abraham Bahrami, and S.B., and Defendants City of Antioch, Jake Merrill, Alejandro Lorono, and Marcos Molina hereby respectfully submit the following Joint Case Management Statement. Pursuant to Fed. R. Civ. Proc. 26(f) and this Court's order [Dkt. 20], an early meeting was held on September 2, 2026, between Plaintiffs' counsel, Brendan A. Johnson of the Law Offices of Dale K. Galipo, and Defendants' Counsel, Noah Blechman of McNamara, Ambacher, Wheeler, Hirsig & Gray LLP.

## 1. JURISDICTION AND SERVICE

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant City of Antioch is in this district and all incidents, events and occurrences giving rise to this action occurred in this district. All named parties have been served and have appeared so this matter is at issue.

## 2. FACTS

### a. According to Plaintiffs

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful use of less lethal and lethal force against David Bahrami. Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, including Excessive Force, Denial of Medical Care, and Interference with Familial Relationship; (2) Municipal Liability under *Monell* for Unconstitutional Custom or Policy,

Failure to Train, and Ratification; (3) Battery; (4) Negligence; (5) Negligent Infliction of Emotional Distress; and (6) Violation of Cal. Civil Code § 52.1.

On June 30, 2025, David Bahrami ("Decedent") was experiencing a mental health crisis and called Antioch Police Department ("APD"). Defendant Jake Merrill spoke with Decedent on the phone for approximately fifteen minutes. Officer Merrill knew or reasonably should have known that Decedent was experiencing a mental health crisis. Decedent never threated to harm Jake Merrill.

APD officers, including Defendants Jake Merrill, Alejandro Lorono, and Marcos Molina, responded to the scene, which was near Plaintiffs' home, where Decedent also lived. Plaintiffs were in the home during the incident. Officer Merrill instructed Decedent to exit the home and Decedent complied. APD officers dispatched a drone and communicated to the Defendant Officers that Decedent was outside near the sidewalk. Officer Merrill instructed Decedent to walk towards the officers, and Decedent complied.

When Defendant Officers contacted Decedent, they aimed lethal and less-lethal weapons at him. Shortly thereafter, Defendant Marcos Molina discharged his less-lethal 40mm projectile weapon at Decedent, striking him and causing injury. At the time he was struck by the 40mm projectile, Decedent did not pose an imminent threat of death or serious bodily injury to any person, including the involved officers.

Shortly thereafter, Officer Merril and Alejandro Lorono discharged their firearms at Decedent, striking and fatally wounding him. Officers Merrill and Lorono shot Decedent multiple times, including while Decedent was on the ground, even though Decedent did not pose an imminent threat of death or serious bodily injury to any person, including the involved officers. The Defendant Officers failed to provide a verbal warning that deadly force would be used and did not afford Decedent an opportunity to understand and appreciate such a warning. Thereafter, Officer Molina fired a less-lethal munition at Decedent even though he was lying on the ground, bleeding profusely, and clearly suffering from severe physical injury.

Throughout the incident, Decedent was not an immediate threat of death or serious bodily injury to the Defendant Officers or any other person. Further, the Defendant Officers knew or reasonably should have known that Decedent was experiencing a mental health crisis. The officers escalated their

interaction with Decedent and had other available options. The officers used less-lethal and lethal force, including using less-lethal force after Decedent had been shot, without giving Decedent a proper verbal warning or time to understand and appreciate such warning. Decedent suffered significant physical and mental harm and died as a result of the incident.

**b. According to Defendants**

Defendants generally submit that on the morning of June 30, 2025, the Antioch Police Department ("APD") Dispatch Center received three 911 calls from a male later identified as David Bahrami ("Decedent"), in which he stated words to the effect of "I'm about to kill someone," provided his residential address, asked how far away officers were and how many were responding, stated in one call that his family was inside the residence and in another that no one was with him, stated that he had no weapons, and refused each time to provide his name before terminating the call. (Ex. A to Defendant City of Antioch's Answer to the Complaint, District Attorney's Report of Incident, at 17-18.)

Responding officers staged several blocks from the residence in order to gather information and develop a coordinated tactical response (Ex. A at 26). Officers were advised that Decedent had previously been detained on a Welfare and Institutions Code § 5150 hold in December 2024 (Ex. A at 24), that firearms had been seized from the residence during that prior incident (id. at 30), and that an officer-safety advisory was attached to the address (id. at 32).

Officer Merrill contacted Decedent by telephone and remained in communication with him across multiple calls spanning numerous minutes, calling back each time Decedent hung up. (Ex. A at 18.) Decedent refused to allow his family to come outside, refused to let officers speak with them, declined Officer Merrill's offer to summon medical aid for a reported injury, stated "I need cops" and "You are enough to do the job," and repeatedly demanded that officers come to his house. (Ex. A at 9.) Decedent then told Officer Merrill that he would kill or harm his neighbor if officers did not come. (Ex. A at 10.). These comments and this behavior made officers believe that Decedent may have already harmed his family, was preparing to harm them, or was planning to harm or ambush officers.

Before contact was made, Sergeant Mulholland assigned roles to the officers on scene (around the corner from Decedent's residence). Decedent then exited the residence and walked toward the officers, only appearing to have a phone in his hand, and officers ordered him to stop and to kneel on the ground,

but Decedent did not comply. (Ex. A at 11.) Instead, Decedent reached his right hand to his waistband, produced a large kitchen knife, and began to run towards the officers. An officer, Ofc. Molina, deployed the 40 mm less-lethal launcher, which did not stop Decedent. (Ex. A at 12.) Decedent continued to run with the knife in his right hand, closing the distance diagonally in front of the officers, then turned and ran directly at them. Two officers, Ofc. Merrill and Ofc. Lorono, discharged their firearms, causing Decedent to fall to the ground, still with the knife in his hand. (Ex. A at 13.). Decedent was still a potential threat at that point until he could be disarmed and controlled.

After falling, Decedent retained the knife in his hand and did not comply with repeated commands to drop it. A second 40 mm less-lethal round was fired in an attempt to disarm him, and an attempted taser deployment malfunctioned. Officers then kicked the knife from Decedent's hand. (Ex. A at 14.) Officers handcuffed Decedent and immediately started to render emergency medical aid, including the application of chest seals and the administration of CPR, until relieved by arriving paramedics. (Ex. A at 28.) Decedent was pronounced deceased at the scene at approximately 7:54 a.m. (Ex. A at 38.)

Defendants submit that the use of deadly force was lawful per state and federal law. Defendants also submit that Defendant Ofc. Molina, who did not use deadly force towards Decedent and did not use force that caused Decedent's death, should be dismissed from this action as well. Defendants deny Plaintiffs' allegations in this case.

**3. LEGAL ISSUES**

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the use of force against Decedent, including less lethal and lethal force, was excessive under federal law;
2. Whether the use of force against Decedent, including less lethal and deadly force, was unreasonable under state law;
3. Whether the use of force, including less lethal and deadly force, against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
4. Whether the Defendant Officers denied medical care to Decedent and/or violated the ADA;
5. Whether the City of Antioch has unconstitutional policies, customs, and practices that were the cause of Decedent's injuries;

6. Whether the Defendant Officers were negligent with respect to their handling of the situation, including the use of less lethal and lethal force against Decedent and pre-shooting negligent tactics;
7. Whether Defendant officers are entitled to qualified immunity and/or state immunities as to this incident.
8. The nature and extent of Plaintiffs' damages, including punitive damages.

**4. MOTIONS**

Plaintiffs anticipate brining motions *in limine* should this case proceed to trial.

Defendants will likely file a dispositive motion at the appropriate time per qualified immunity arguments, as well as pretrial filings such as motions *in limine* as well.

**5. AMENDMENT OF PLEADINGS**

Plaintiff may file a motion to amend the complaint to add any additional officers involved in the incident following initial discovery. The parties agree to meet and confer to see if they can reach a stipulation for the addition of any additional officers, which may obviate the need for a formal formation.

The parties proposed deadline to seek leave to amend the pleadings is December 18, 2026.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information.

**7. DISCLOSURES**

The parties have not completed Initial Disclosures and agree to serve those on each other by no later than September 30th.

/ / /

**8. DISCOVERY**

The parties agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitation discovery imposed under the FRCP or the Local Rules at this time.

Plaintiffs anticipate promptly propounding written discovery on Defendants, including a request for production seeking materials pertaining to Defendant City's investigation into the subject incident. Plaintiffs also anticipate deposing the Defendant Officers, other responding Antioch Police Department officers, and the Defendants' retained experts. Plaintiffs may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Decedent, any witnesses to the incident as identified in Defendants' discovery production, the person(s) most knowledgeable regarding Defendant City's and the Antioch Police Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiffs believe that subjects on which discovery may be needed include: the identities of any additional involved Antioch Police Department officers; the Defendant Officers' training; the Defendant Officers' prior uses of force, if any, including any citizens' or internal complaints made against the Defendant Officers; Defendant City's and the Antioch Police Department's policies with regards to use of force complaints; Defendant City's and the Antioch Police Department's policies with regards to when less-lethal and deadly force may be used; the handling of evidence by employees of Defendant City and Antioch Police Department; medical treatment provided to Decedent at the scene of the incident; and testimony of witnesses and involved Antioch Police Department officers regarding the facts of the shooting incident and the City's investigation into the incident.

Defendants intend to serve written discovery requests on Plaintiffs, take Plaintiffs' depositions, subpoena relevant records, depose relevant percipient witnesses, among other potential discovery. Defendants will object to overly broad and/or burdensome discovery per FRCP.

**9. CLASS ACTIONS**

This case is not a class action.

**10. RELATED CASES**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. RELIEF**

Relief sought by Plaintiffs includes:

1. Compensatory damages according to proof at trial, including: survival damages, not limited to pre-death pain and suffering and loss of life under federal law; and wrongful death damages under federal and state law;
2. Funeral and burial expenses, and loss of financial support;
3. Punitive and exemplary damages against the individual Defendant Officers;
4. Treble damages pursuant to Cal. Civ. Code §6 52, 52.1
5. Reasonable statutory attorney's fees pursuant to U.S.C. § 1988 and Cal. Civ Code §§ 52, 52.1;
6. Costs and interest; and
7. Any other further relief the Court may deem just, proper, and appropriate.

**12. SETTLEMENT AND ADR**

The parties are amenable to using an experienced civil rights Court-Sponsored mediator and process, though the parties may also consider private mediation. This matter needs time for discovery before that determination can be made.

The parties propose a deadline to conduct mediation of March of 2027.

**13. OTHER REFERENCES**

N/A

**14. NARROWING OF ISSUES**

The parties will work to narrow the issues in this case through discovery and pretrial motions/filings, as well as via stipulations.

**15. SCHEDULING**

The parties propose the following schedule:

Fact Discovery Cutoff: September 27, 2027

Designation of Experts: October 18, 2027

Designation of Rebuttal Experts: November 15, 2027

Expert Discovery Cutoff: December 6, 2027

Last Day to Hear Dispositive Motions: January 3, 2028

Pretrial Conference: March 20, 2028

Trial: April 3, 2028

**16. TRIAL**

The parties have demanded trial by jury. The parties expect trial to last 8-10 court days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff filled a Disclosure of Non-Party Interested Entities or Persons pursuant to Local Rule 3-15 on August 31, 2026. Plaintiffs are not aware of any persons, associations, firms, partnerships, corporations, or any other entities other than the parties themselves that have a financial interest or any other kind of interest that could be substantially affected by the outcome of this case.

Defendant City of Antioch is a governmental entity and is not required to file a Disclosure of Non-Party Interested Entities or Persons.

**18. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

The parties are not currently aware of other matters that need to be discussed with the Court.

/ / /

/ / /

/ / /

The undersigned attests that permission in the filing, service and/or execution of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).0

Dated: September 11, 2026

MCNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP

By: /s/ Noah G. Blechman
Noah G. Blechman
John J. Swafford
Attorneys for Defendants
CITY OF ANTIOCH; JAKE MERRILL; ALEJANDRO LORONO; MARCOS MOLINA

DATED: September 16, 2026

LAW OFFICES OF DALE K. GALIPO

By: */s/ Brendan A. Johnson*
Dale K. Galipo
Brendan A. Johnson
Attorneys for Plaintiffs,
Abdul Bahrami, Halima Bahrami, Diana Bahrami, Abraham Bahrami, and S.B.